## Isaac Wantling v. Richard Howarth.

1.  PARTNERSHIP—*Mining Rights as Assets of the Firm.*—Where
two persons formed a partnership to mine and sell coal for a period of
twenty years, the fact that one of the partners binds himself by the
article of copartnership to furnish the partnership all the coal it can
mine during the continuance of the firm under lands belonging to him,
does not create a leasehold estate in such lands, nor does such right to
mine become an asset of the firm to be sold upon its dissolution, but ceases
to exist with the partnership.

**Bill to Settle Partnership.**—Appeal from the Circuit Court of Peoria
County; the Hon. THOMAS M. SHAW, Judge, presiding.   Heard in this
court at the December term, 1895.   Affirmed.   Opinion filed June 1,
1896.

### STATEMENT OF THE CASE.

On August 21, 1882, appellant and appellee entered into
an agreement to form a copartnership in the mining and
vending of coal, and other purposes.

Appellee was the owner in fee of the premises mentioned in the written agreement executed, and he and appellant were each to advance and pay one-half the necessary costs of opening up the mine on said premises, driving the entries, constructing tramways, buildings and other appurtenances for the purpose of carrying on the business of mining and vending coal, each party to furnish one-half of all the capital necessary to commence and carry on said business, and each to have one-half the net profits, and stand one-half of all the losses thereof; and said partnership was to continue for the term of twenty years, that is, to 1902, unless sooner dissolved by mutual consent.

All the necessary buildings, dumps, bridges and tramways were constructed, entries were driven and side tracks put in, necessary for the carrying on of said business, at the expense of appellant and appellee, each of whom paid one-half therefor.

The business proved profitable, and was carried on and the coal mined and sold by said partnership up to about the summer of 1890, the total profit of the business to that time being $44,748.71, of which appellant retained $22,474.35 and appellee received a like amount.

There was also paid to appellee, as royalty under the provisions of the agreement, $5,490.70.

On the 7th of August, 1890, the engine house and other buildings were destroyed by fire. They were not rebuilt, and nearly two years thereafter, the mine and appliances for operating it having to a considerable extent gone to decay and waste, appellee filed a bill in chancery, setting up that while he and Wantling were operating the mine in December, 1888, Wantling established a rival coal mining business within a short distance of the mine in question, thereby neglecting the mine in which appellee was interested, and that since the fire the mine and the property attached to it was suffering from decay. He prayed for a valuation of the property in which they were jointly interested, a disposition by division or sale and dissolution of the partnership.

Wantling answered, averring that he was willing to rebuild and carry on the business after the fire but that Howarth refused so to do, and had engaged in the coal business near to the old mine with another partner. He admitted entering into another coal business in December, 1888, but denied that he thereby neglected the business which he and Howarth were carrying on. He subsequently filed a cross-bill, praying for a dissolution of the co-partnership and claiming there was a leasehold interest in the premises belonging to the firm which should be sold. To the cross-bill appellee answered, denying that there was a leasehold interest created by the agreement.

The cause was referred to the master in chancery to take and report proofs. The master heard the evidence and reported, showing the operation of the mine under the written agreement until May, 1890; that Wantling, about two and a half years before the closing, formed a partnership with his son and carried on a rival coal mining business near the old mine; that in December, 1889, Howarth began carrying on a rival business in the neighborhood under the firm name of Howarth & Taylor Bros.; that in consequence of such competition and the failure to obtain orders for coal the mine in question was closed; that the mine was then abandoned and a portion of the buildings destroyed by fire; that the only property remaining to the partnership of Wantling & Howarth consisted of blacksmith shop, four tenement houses, a power house and a barn, etc., and recommended the relief prayed for in the original bill and dismissal of the cross-bill.

The court retained both bills, found the facts as stated in the master's report, granted the prayer of both bills for a dissolution of the partnership, refused to find there was a leasehold interest belonging to the firm as an asset, and ordered a sale of such property as did belong to the firm, the net proceeds to be divided equally between the parties.

Isaac C. Edwards and George B. Foster, attorneys for appellant.

J. S. Stevens and J. A. Cameron, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the Court.

The main contention of appellant, and the only one necessary to discuss in this opinion, is that the court erred in not finding that the contract of partnership created a leasehold interest in the premises described for the period of twenty years with the right of extension. The contention is based upon that provision of the contract which required appellee "to furnish said firm or copartnership all the coal underlying said lands, which they can mine during the continuance of this partnership." His position is that the right to mine the coal became at once an asset of the firm, which, on dissolution, should be sold to the highest bidder.

While it is true twenty years was fixed as the time for which the contract should exist (which could by agreement be extended twenty years longer), its existence was liable to terminate at any time by mutual consent. After a dissolution appellee was under no obligation to furnish coal from his lands. His obligation in the first instance was to furnish the coal lands for the firm of Wantling & Howarth, and when such firm ceased to exist the right to mine the coal ceased.

It was provided also that mining operations should continue at all times under the contract so long as it continued profitable to both parties. By the action of the parties in becoming interested in rival plants located in the same neighborhood the operation of this mine became unprofitable. It ceased to run several months before the fire, because orders for coal were not secured.

What is the attitude of the parties on the pleadings? Each one by his bill prays for a dissolution of the partnership. A desire to dissolve could hardly be more strongly manifested by an agreement to dissolve.

When we bear in mind that the only concern authorized by the contract to mine the coal was Wantling & Howarth, the position of appellant, in asking the court to decree the extinction of that firm, is hardly consistent with the idea of

a freehold interest remaining as an asset after such extinction.

Under a reasonable construction of the contract, the facts attending the conduct of the parties before this suit was commenced, and the attitude of the parties on the pleadings, it is difficult for us to understand how the decree below could have been otherwise. Decree affirmed.